IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Chevelle C. Graham, ) | Case No.: 9:22-cv-2961-JD-MHC |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER AND OPINION** |
| Warden Brian Kendell, ) | |
| ) | |
| Respondent. ) | |
| ) | |

This matter is before the Court with the Report and Recommendation ("Report") of United States Magistrate Molly H. Cherry, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(e) of the District of South Carolina.[1] (DE 31.) Petitioner Chevelle C. Graham ("Petitioner" or "Graham"), proceeding *pro se,* filed a Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 for alleged violations of his Due Process and Sixth Amendment rights. (DE 1.)

On January 23, 2023, respondent Warden Brian Kendell ("Respondent" or "Warden") filed a Motion for Summary Judgment along with a Return and Memorandum. (DE 18, 19.) Respondent alleges that the Petition is untimely, having been filed past the applicable statute of limitations deadline.[2] Respondent further argues that Petitioner's claims are procedurally barred,

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

[2] Petitioner was indicted at the July 1995 term of the Williamsburg County Grand Jury for murder, burglary in the first degree, and possession of a weapon during the commission of a violent crime. (DE 18-1.) On September 14, 1995, Petitioner pled guilty to murder. (DE 18-5 p. 1.) He was sentenced to life imprisonment for murder and five years for possession of a firearm. The first-degree burglary charge was dropped in exchange for the plea. (DE 18-5 p. 1 n.1.) Petitioner did not file a notice of appeal after his guilty plea.

1

as he did not present the claims in his Petition to the State court first. On March 30, 2023, Petitioner filed a Response in Opposition. (DE 30).

The Report was issued on May 22, 2023, recommending that Respondent's Motion for Summary Judgment be granted, and the Petition be dismissed with prejudice because the filing was untimely by approximately twenty-five years, and Petitioner has not presented facts sufficient to support an argument that the limitations period should be equitably tolled. (DE 31.) Petitioner has not filed an objection to the Report. In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983). The Court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court finds that there is no clear error on the face of the record, and therefore, adopts the Report (DE 31) and incorporates it herein.

It is, therefore, **ORDERED** that Respondent's Motion for Summary Judgment (DE 19) is granted and Petitioner's case is dismissed with prejudice. Further, it is **ORDERED** that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
August 18, 2023

**NOTICE OF RIGHT TO APPEAL**

Petitioner is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.